IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Darnell M. Cleaton,<br>    Petitioner, | )<br>)<br>) |
| v. | )     1:15cv443 (LO/IDD) |
| Harold Clarke,<br>    Respondent. | )<br>)<br>)<br>) |

MEMORANDUM OPINION

Darnell M. Cleaton, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of a drug offense entered in the Circuit Court for the County of Brunswick. By an Order dated May 7, 2015, petitioner was directed to file an amended petition using a standardized form §2254 petition. Dkt. No. 7. Upon receipt and review of the amended petition, a second Order was entered on July 24, 2015, advising petitioner that his claims appeared to be time-barred pursuant to 28 U.S.C. §2244(d), and allowing him thirty (30) days within which to contest the applicability of the statute of limitation or to establish his entitlement to equitable tolling. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (requiring notice and the opportunity to respond before a sua sponte dismissal under § 2244(d)); Dkt. No. 8. Petitioner replied to the Court's Order by claiming entitlement to equitable tolling based in part on his counsel's allegedly ineffective representation. Dkt. No. 11. Accordingly, on September 8, 2015, an Order was entered directing respondent to file a response to the petition limited to the issues of its timeliness and petitioner's entitlement to equitable tolling. Dkt. No. 12. On October 7, 2015, respondent filed a Motion to Dismiss the petition with a supporting brief and exhibits, and

supplied petitioner with the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K); Dkt. No. 15-17. Petitioner filed a reply to the Motion to Dismiss captioned as a Motion of Rebuttal along with additional exhibits on November 2, 2015. Dkt. No. 18. Accordingly, this matter is now ripe for disposition.[1] For the reasons which follow, respondent's Motion to Dismiss will be granted, and the petition will be dismissed, as time-barred.

## I. Procedural History

On December 18, 2007, petitioner was charged by indictment in Brunswick County with possession of cocaine with intent to distribute. Case No. CR07-279; Dkt. No. 16, Ex. A. He was found guilty following a bench trial on February 11, 2008, and on April 14, 2008, he was sentenced to serve ten (10) years in prison with five (5) years and six (6) months suspended. Id., Ex. B. Petitioner's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967) on direct appeal, assigning the sole error that the trial judge erred in admitting into evidence a statement of a caller on a cell phone. The Court of Appeals denied the appeal as wholly frivolous. Cleaton v. Commonwealth, R. No. 1130-08-2 (Va. Ct. App. Dec. 12, 2008); Dkt. No. 16, Ex. C, and the Supreme Court of Virginia refused a petition for further appeal on August 24, 2009. Cleaton v. Commonwealth, R. No. 090700 (Va. Aug. 24, 2009); Dkt. No. 16, Ex. D.

On August 18, 2010, petitioner filed a petition for a state writ of habeas corpus in the Supreme Court of Virginia, arguing that his right to confrontation was violated when the

---

[1] Adjudication of the Motion to Dismiss was delayed by an appeal petitioner took from an Order in which six motions he filed between December, 2015 and March, 2016 were denied. (Dkt. No. 20-26) The appeal was dismissed for lack of jurisdiction in an unpublished opinion on August 2, 2016. Cleaton v. Clarke, No. 16-6575 (4th Cir. Aug. 2, 2016); Dkt. No. 32-33.

Commonwealth was permitted to introduce out-of-court statements. Dkt. No. 16, Ex. H, Pet., "Certificate of Service."[2] The petition was dismissed pursuant to the state default rule of Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974) on October 6, 2010. Cleaton v. Warden, Green Rock Corr. Ctr., R. No. 101627 (Va. Oct. 6, 2010); Dkt. No. 16, Ex. H.

In November, 2011 and again in September, 2012, petitioner filed a Motion for Scientific Analysis of Untested Evidence, seeking to have the plastic bags that contained the drugs tested for fingerprints. Dkt. No. 11 at 31-36. On September 8, 2014, the Commonwealth's Attorney filed a response stating that the evidence had been destroyed. Dkt. No. 16, Ex. I. The destruction order attached to the response indicated that a metal pipe was also part of the evidence to be destroyed. The trial court denied petitioner's motion for scientific testing on September 11, 2014. Dkt. No. 16, Ex. J. Petitioner appealed that result, but the Supreme Court of Virginia dismissed the appeal on June 29, 2015 on the holding that the order appealed from was not an appealable order. Cleaton v. Commonwealth, R. No. 150416 (Va. June 29, 2015); Dkt. No. 16, Ex. K. On September 11, 2014, petitioner also filed a petition for a writ of mandamus in the Supreme Court of Virginia, arguing that he had been denied access to records in the criminal case. The petition was denied on April 8, 2015, and rehearing was refused on October 15, 2015.[3] Cleaton v. Green, R. No. 141635 (Va. Apr. 8, 2015); Dkt. No. 16, Ex, L.

Petitioner then turned to the federal forum and filed the instant application for relief pursuant to §2254 on or about March 24, 2015. Pet. at 1. In it, he makes the following claims:

---

[2]For federal purposes, a pleading submitted by an incarcerated litigant acting pro se is deemed filed when it is delivered to prison officials for mailing. Houston v. Lack, 487 U.S. 266 (1988).

[3]The date rehearing was denied was found on the Virginia courts' Case Status and Information website.

3

1. The chain of custody was defective, and counsel failed to raise the issue on direct appeal. Petitioner lacks documents needed to establish his innocence.

2. Prosecutorial misconduct and malicious prosecution resulted in newly-discovered evidence - a metal pipe - being added to the case. Premature destruction of the evidence violated his right to due process.

3. He was denied his right to confront his accusers at the grand jury proceeding. The indictment was invalid as it did not contain the signatures of the foreman and a judge of competent jurisdiction.

4. He received ineffective assistance of counsel when his lawyer told him there was no need for discovery and failed to raise the deficiency of the chain of custody as an issue on direct appeal.

## II. Facts

On September 7, 2007, Deputy Clary of the Brunswick County Sheriff's Department observed a car being driven erratically, and he followed it in his marked patrol car. DE 16, Ex. M, T. 10. The vehicle accelerated and the driver turned off the headlights. Id. at 11. When the car turned into the parking lot of an apartment complex, the driver and a passenger jumped out and ran. Id. at 11-12. Clary chased the passenger, a black male wearing a blue shirt with a white design, and as he did so the passenger dropped a cell phone on the sidewalk. Id. at 12-13. The passenger got away, but Clary retrieved the phone and called in to dispatch. Id. at 13-14. The phone rang constantly and when Sergeant Mays answered it, the caller asked, "Where's Darnell?" Id. at 19.

Deputy Smith heard Clary's dispatch and responded to the area. Id. at 24-25. Smith saw a man wearing a flowery shirt, and as he and his partner got closer the man took the shirt off, dropped it to the sidewalk, and kept walking. Id. at 26. Smith recognized the man as the instant

petitioner, Darnell Cleaton. Id. at 27-28. The officers detained petitioner for investigation and handcuffed him to prevent further flight. Id. at 28. When Smith went to retrieve the shirt petitioner had dropped, he found a bag sitting next to it that contained several rocks of cocaine individually wrapped in baggie corners. Id. at 29-30. The shirt had berry stains and briars on it. Id. at 40. The deputies seized $84.00 from petitioner. Id. at 37. The entire incident took less than ten minutes. Id. at 21.

Petitioner testified at trial. He denied that he had discarded the shirt, and he stated that the briars and berry stains were the result of his working outside at a laundromat. Id. at 58-59, 66. He also stated that his cell phone had been stolen the day before the incident, although he had not filed a police report. Id. at 68.

After trial, Deputy Smith prepared an order for the evidence from the case to be destroyed. Among the items he listed was a metal pipe. He now attests that the inclusion of the pipe among the items to be destroyed was error, as no pipe or other smoking device was seized in the case. The only items submitted to the evidence locker were the shirt, cocaine rocks, cell phone, and cash. DE 16, Ex. P.

### III. The Petition is Untimely

A §2254 petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). In the instant case, the Supreme Court of Virginia refused petitioner's petition for review on direct appeal on August 24, 2009. Dkt. No. 16, Ex. D. Therefore, the

conviction became final ninety (90) days later, on November 23, 2009, when the time expired during which he could have petitioned the United States Supreme Court for a writ of certiorari. See U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); see also Lawrence v. Florida, 549 U.S. 327, 333 (2007). Thus, the §2254(d) one-year limitations period began to run on that date.

In calculating the one-year limitations period, the Court must exclude the time during which properly-filed state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). Here, after petitioner's conviction became final on November 23, 2009, 268 days passed before he filed his petition for a state writ of habeas corpus on August 19, 2010. The state petition was dismissed on October 6, 2010, and limitations clock began to run again. The limitations period expired on January 11, 2011, but it ran unchecked until at least until November 16, 2011, the date petitioner's earlier-filed motion for scientific analysis of the plastic bags was notarized. Dkt. No. 11, Att. 35-36. Assuming without deciding that a motion for scientific analysis acts to toll the limitations period,[4] the first such motion in this case was not notarized until November 16, 2011, and thus could not have

---

[4] Section 2244(d)(2) provides that the limitations period is tolled by the pendency of "a properly filed application for States post-conviction or other collateral review with respect to the pertinent judgment or claim." Here, it is doubtful that petitioner's motions for scientific testing would have acted to toll the limitations period, as they essentially were akin to discovery requests which have been held not to constitute applications for collateral review for purposes of §2244(d)(2). See Wall v. Kholi, 562 U.S. 545, 556 n. 4 (2011). That issue need not be resolved in this case, however, because the limitations period expired well before the first such motion was filed. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (state postconviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled).

been filed before that date. Thus, an additional 405 days of untolled time elapsed between the date petitioner's state habeas corpus application was dismissed and the date the first event occurred which arguably could have tolled the limitations clock. When these periods of untolled time are combined they total 673 days, so the instant petition was filed 308 days beyond the one-year limit. Accordingly, the petition is untimely pursuant to § 2244(d).

## IV. No Statutory Tolling

### A. State-Created Impediment

In addition to § 2244(d)(2), discussed above, tolling of the limitations period is also available pursuant to § 2244(d)(1)(B) until a state-created impediment which "altogether prevented" the petitioner from filing his habeas claim in a timely manner is removed. Ramirez v. Yates, 571 F.3d 993, 1001 (9th Cir. 2009). Here, as discussed above, the AEDPA limitations period had already expired by the time petitioner filed his motions for scientific testing in the trial court. Thus, any errors state actors may have made in responding to those motions can have had no effect on petitioner's ability to file his habeas application in a timely manner.

### B. Newly-Discovered Evidence

Tolling of the limitations period is also available pursuant to § 2244(d)(1)(D) for claims based on newly-discovered evidence. In such instances, the claim must be filed within one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Here, the sole claim petitioner raises to which this exception arguably might apply is his claim 2, where he contends that he was the victim of prosecutorial misconduct and malicious prosecution. The newly-discovered evidence which is potentially relevant to this argument is the Commonwealth's Attorney's September 8, 2014

response to petitioner's Motions for Scientific Evidence. As indicated above, the response stated that the drug evidence from petitioner's case had been destroyed, and an evidence destruction order appended as an exhibit to the response indicated that a metal pipe was among the items of evidence which had been destroyed. Petitioner argues in claim 2 that the addition of the metal pipe to his case amounted to prosecutorial misconduct, and that the premature destruction of the drugs violated his right to due process.

The newly-discovered evidence exception of § 2244(d)(1)(D) does not apply here for two reasons. First, § 2244(d)(1)(D) directs that the one-year period during which a habeas petitioner may apply for relief based on newly-discovered evidence commences on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Here, as discussed above, petitioner did not file the first of his motions for scientific analysis until November, 2011, eleven months after the AEDPA limitations period expired in January, 2011. By its terms, § 2244(d)(1)(D) is triggered not when a petitioner *actually* learns of some pertinent information from newly-discovered evidence; rather, it commences when he "*could have ... discovered*" it. In addition, § 2244(d)(1)(D) requires a petitioner to exercise diligence. McQuiggin v. Perkins, __ U.S. __, 133 S. Ct. 1924, 1933 (2013). Here, then, petitioner's ability to rely on § 2244(d)(1)(D) is foreclosed by his own lack of diligence in waiting until some months after the AEDPA limitations period closed before filing his motions for scientific testing. Had he done so more diligently, he "could have" discovered the information on which he bases his claim 2 within the statutory limitations period, so he precluded from resorting to § 2244(d)(1)(D) to reset the limitations clock.

Second, even if petitioner could overcome the diligence hurdle, it is apparent on the

federal record that the newly-discovered "evidence" he gleaned from the state's response to his motions - namely, that police officers allegedly added a metal pipe to the evidence in his case and prematurely destroyed the drugs - was erroneous. Specifically, the metal pipe never existed, and the drugs currently remain in the custody of the Brunswick County Circuit Court Clerk's Office.

As noted above, Deputy Smith attests that when he detained petitioner on the night of the arrest, the sole items of evidence he retrieved were the discarded shirt and a bag containing crack rocks, and he seized cash from petitioner's person. Dkt. No. 16, Ex. P. He expressly denies having observed "any pipe or smoking device" at the scene, and he states that the only items that were deposited in the evidence locker were the shirt, the drugs, the money, and the cell phone retrieved by Deputy Clary. The Evidence Submission Form attached as an exhibit to Smith's affidavit confirms that a bag of white rocks was sent to the lab, and $84.00 in cash, a Samsung cell phone, and a blue button-up shirt were retained as evidence. Deputy Smith acknowledges that he personally filled in the handwritten portions of the form ordering the destruction of evidence in the case, and that his reference there to the presence of a metal pipe was a mistake. Id., ¶6.

In addition, Lezlie Green, the Commonwealth's Attorney who prosecuted petitioner's case, attests that she does not recall any metal pipe or smoking device being part of the case. Dkt. No. 16, Ex. N. In fact, she argued to the judge at trial that petitioner's intent to distribute the crack was demonstrated by the fact that no smoking device was seized. Id. Ms. Green's recollection is borne out by the fact that no pipe was introduced as evidence at petitioner's trial. Dkt. No. 16, Ex. M, T. 4.

As to petitioner's allegation that his right to due process was violated when the cocaine

9

rocks were destroyed prematurely, Captain Washburn of the Brunswick County Sheriff's Department attests that he destroyed the evidence from petitioner's case that remained in the evidence room on January 11, 2010. Specifically, he destroyed an envelope containing a shirt and a second envelope containing a cell phone. Dkt. No. 16, Ex. O. The money that was seized from petitioner was forfeited, and the drugs were retained in the Circuit Court Clerk's Office. Washburn personally observed the retained drugs in the Clerk's Office on September 28, 2015. Id. The prosecutor, Ms. Green, also states that the rocks of crack cocaine seized in the case have been retained in the Circuit Court Clerk's Office. Dkt. No. 16, Ex. N.

Under these circumstances, it is apparent that even if petitioner otherwise qualified for application of § 2244(d)(1)(D), it would make no difference, because the "newly-discovered evidence" reflected in the Commonwealth's response to the motions for scientific testing and the attached order for the destruction of evidence in fact never existed.

### V. No Equitable Tolling

The United States Supreme Court has established that equitable tolling is applicable to the § 2244(d)(2) limitations period. See Holland v. Florida, 560 U.S. 631 (2010) ("Now, like all 11 Courts of Appeals that have considered the question, we hold that § 2244 (d) is subject to equitable tolling in appropriate cases."). To qualify for equitable tolling, a petitioner must demonstrate both (1) that he had been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Id. at 649, citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). A petitioner asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate fulfillment of both elements of the test. Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d

12304, 1307 (11th Cir. 2008)). The petitioner generally is obliged to specify the steps he took in diligently pursuing his federal claim. Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). In addition, the petitioner must "demonstrate a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000). It is widely recognized that equitable tolling is to be applied only infrequently. Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) ("We believe, therefore, that any resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result.")

In this case, petitioner in his reply to the Court's Order soliciting his position on the timeliness of the petition cites several reasons why he believes that the limitations period should be equitably tolled in his case. Dkt. No. 11. He essentially reiterates the same arguments in his reply to the Motion to Dismiss. Dkt. No. 18.[5] For the following reasons, none has merit.

Petitioner first argues that he is entitled to equitable tolling on the basis of Va. Code §19.2-270.4, which governs post-trial destruction of evidence. In connection with this argument, he asserts that he first learned of the supposed existence of the metal pipe in 2014, and that the pipe should have been examined for DNA evidence. However, as discussed above, the reference to the metal pipe in the evidence destruction order was an error, and in fact no pipe ever existed.

---

[5]To be sure, much of the argument in petitioner's Motion of Rebuttal addresses the merits of his claims for § 2254 relief rather than the issue of the petition's timeliness.

11

In addition, the cocaine rocks seized from petitioner remain in the Circuit Court Clerk's Office, and the shirt and cell phone were destroyed in accordance with §19.2-270.4 on January 11, 2010. Accordingly, this argument provides no basis to equitably toll the limitations period.

Petitioner next contends that he is entitled to equitable tolling because he did not become aware of the metal pipe until after it was destroyed, and that the prosecutor abused her discretion in ordering its destruction. Again, however, in fact no metal pipe existed; the notation of a "metal pipe" on the destruction order was an admitted mistake by Deputy Smith. Thus, although petitioner may not have become aware of this notation until 2014, the delay was of no consequence because no pipe had ever existed to be tested. Such a delay in the receipt of inconsequential information does not warrant equitable tolling.

Petitioner also asserts that he was denied his right to confront his accusers before the grand jury, and that the indictment was invalid because it was not properly signed. The indictment was returned by the grand jury on December 18, 2007, and was part of the record of petitioner's criminal case since then. Dkt. No. 16, Ex. A. Thus, even if it were deficient for the reasons petitioner lists, and even if there were irregularities in the grand jury proceedings, those deficiencies were fully available for petitioner to discover long before the statute of limitations expired in his case, and they consequently provide no basis for equitable tolling. Valverde, 224 F.3d at 134.

Petitioner next contends that he should receive equitable tolling because his counsel did not file a motion for discovery and withheld exculpatory evidence by failing to provide him with his case file in a timely manner. As to the argument that the lack of a discovery motion resulted in insufficient evidence to sustain the conviction, petitioner has provided a copy of a letter from

12

his counsel, Mr. Whitby, dated February 25, 2010. In it, counsel explained to petitioner that he was able to secure greater discovery from the prosecutor informally than he would have achieved with a formal motion. Dkt. No. 16, Ex. Q. Counsel's statement is consistent with the affidavit of the prosecutor, Ms. Green, where she states that her practice was to go over the items in the prosecution file with defense counsel during discovery, and that a formal motion by counsel to obtain such discovery was not necessary. Dkt. No. 16, Ex. N. As it thus is apparent that counsel had access to the prosecution's evidence without a formal discovery motion, the absence of such a motion forms no basis for equitable tolling.

As to petitioner's contention that his counsel's failure to provide him with his case file violated his right to due process and entitles him to equitable tolling, counsel Whitby stated in his February 25, 2010 letter to petitioner that his office had moved and that he had just received petitioner's request for his case file. Counsel noted that he was sending petitioner the case file and that the trial transcript had been provided to petitioner previously. Dkt. No. 16, Ex. Q. Since the limitations period did not expire until January 11, 2011, nothing in this exchange suggests a basis for equitable tolling, as had petitioner acted diligently he would have had ample time to make whatever use he wished of the transcript and file within the limitations period. Spencer, 239 F.3d at 630; Valverde, 224 F.3d at 134.

Petitioner further argues that he is entitled to equitable tolling because after preserving the issue of the chain of custody of the crack rocks at trial, counsel failed to raise such a claim on direct appeal. However, because this issue patently became available when the direct appeal was prosecuted in 2008, it cannot form the basis for equitable tolling of the limitations period which did not expire until 2011. Valverde, 224 F.3d at 134.

13

Petitioner concludes that he diligently pursued his rights for years but was thwarted in his efforts by defense counsel, the prosecutor, and the court clerk. He contends that he faced extraordinary circumstances because he did not receive his case file promptly and because the response to the motions for scientific analysis was tardy. However, the time period relevant to the issue of equitable tolling in this case is from November 23, 2009, when the conviction at issue became final, until January 11, 2011, when the §2254(d) limitations period expired. Petitioner alleges no specific facts which could constitute extraordinary circumstances during that time, nor does he include any description whatever of any specific steps he took to pursue his claims. Cf. United States v. Williams, 2011 WL 6842991 at *3 (E.D.Va. Dec. 29, 2011) (finding no extraordinary circumstances or due diligence when no specific facts alleged for the relevant time period). For the reasons discussed above, neither §2244(d)(2) nor §2244(d)(1)(B) applies in this case to toll the limitations period. Thus, petitioner's is not one of the extraordinary cases to which equitable tolling of the limitations period is rightfully applied. Rouse, 339 F.3d at 246.

### VI. No Showing of Actual Innocence

Lastly, to the extent that petition argues that he was wrongfully convicted and imprisoned without sufficient evidence, it is assumed in deference to his pro se status that he intends to argue that he is actually innocent of the offense of which he stands convicted. In McQuiggin, 133 S.Ct. at 1924, the Supreme Court held that a convincing claim of actual innocence can overcome the §2254(d) statute of limitations. However, as with an actual innocence claim in the context of other procedural defaults, the exception applies only in a "severely confined category" - that is, cases in which reliable new evidence shows that "it is more likely than not that 'no reasonable juror' would have convicted" the petitioner had the evidence been available at trial. Id., 133 S.Ct.

at 1928, quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 329 (1995). Petitioner makes no such showing here, so the <u>McQuiggin</u> exception does not apply in this case. See <u>U.S. v. Mikalajunas</u>, 186 F.3d 490, 494 (4th Cir. 1999), <u>cert. denied</u>, 529 U.S. 1010 (2000) (actual innocence exception is satisfied only by a showing of actual factual innocence; a showing that petitioner is legally but not factually innocent does not suffice). Petitioner in this case further has failed to demonstrate that it "would be unconscionable to enforce the limitation period against [him or that] gross injustice would result," such that equitable tolling might apply. Cf. <u>Rouse</u>, 339 F.3d at 246.

### VII. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and the petition will be dismissed, with prejudice, as time-barred. An appropriate Order shall issue.

Entered this 22nd day of August 2016.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge